798 F.2d 470
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George MEEKS, Petitioner-Appellant,
v.
E.P. PERINI, Supt., Respondent-Appellee.
 No. 85-3599.
 United States Court of Appeals, Sixth Circuit.
 June 4, 1986.
 
 Before ENGEL, CONTIE and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner George Meeks appeals from a district court order denying his application for a writ of habeas corpus under 28 U.S.C. Sec. 2254. On appeal, Meeks raises several arguments, all of which were denied by the district court, in support of his contention that his state conviction for receiving stolen goods in violation of Ohio Rev. Code Sec. 2913.51 was rendered in violation of the Due Process Clause of the United States Constitution.
 
 
 2
 In September of 1982, the Cuyahoga County Grand Jury returned an indictment against Meeks, charging him with various violations of Ohio law, including the crime of receiving stolen property in violation of Ohio Revised Code Sec. 2913.51. A jury trial found Meeks guilty of receiving stolen property and not guilty on aU other charges. On November 7, 1983, Meeks was sentenced to a term of three to ten years imprisonment. Thereafter, Meeks timely appealed this judgment to the Ohio Court of Appeals where he raised all arguments which are the subject of the present appeal. On May 31, 1984, the Ohio Court of Appeals issued an opinion overruling Meeks' claims of error and affirming the judgment of the trial court. Ohio v. Meeks, No. 47852 (Ohio Ct. App. May 31, 1984). Meeks then appealed to the Supreme Court of Ohio, again raising all claims which are the subject of this appeal. On September 19, 1984, the Ohio Supreme Court denied Meeks' motion for leave to appeal, thereby exhausting his state remedies.
 
 
 3
 On October 31, 1984, Meeks filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in the United States District Court for the Northern District of Ohio, alleging that his state court conviction was rendered in violation of due process. Judge Aldrich referred the matter to Magistrate Perelman who issued a Report and Recommendation on April 30, 1985, advising that the petition be denied on aH grounds. On June 11, 1985, Judge Aldrich issued an order adopting the Magistrate's Report and Recommendation and denying Meeks' petition for writ of habeas corpus. Meeks filed a timely notice of appeal on July 11, 1985.
 
 
 4
 On appeal, Meeks raises several arguments in support of his contention that his conviction for receiving stolen property violated the Due Process Clause of the United States Constitution. First, he argues that he was denied due process when his statutory right to a speedy trial was denied by a series of nunc pro tunc orders, allegedly used by the state trial court to justify delaying his trial. Meeks also claims that he was denied due process of law when the trial court refused to allow evidence concerning his "state of mind." This evidence, he contends, went to the issue of whether he knew that the vehicle in question was stolen and was therefore necessary to his defense. Next, Meeks argues that he was denied a fair trial by reason of the prosecution's improper comments. Meeks' fourth argument is that he was denied due process of law when he was convicted under Ohio Revised Code Sec. 2913.51, which he claims is unconstitutionally vague because it permits a conviction if one has "reasonable cause" to believe that the property in one's possession is stolen. Meeks also contends that there is insufficient evidence to support his conviction for receiving stolen property. Finally, Meeks claims that he was denied both due process of law and equal protection of the law when he was not permitted to elect a definite sentence which he claims was provided for under Ohio law at the time of his sentence.
 
 
 5
 Of the issues raised before us on appeal, the most serioUS is Meeks' claim that Ohio's stolen property statute, Ohio Rev. Code Sec. 2913.51, is unconstitutionally vague. That statute provides in part:
 
 
 6
 (A) No person shall receive, retain, or dispose of property of another, knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense. (Emphasis added.)
 
 
 7
 The Ohio Court of Appeals rejected a vagueness challenge to this statute which was virtually identical to that of Meeks' in State v. Bentz, 2 Ohio App. 3rd 352 (Ohio Ct. App. 1981). Upon consideration, we are fully satisfied that the challenged statute passes muster under traditional and current standards for application of the vagueness doctrine. See, e.g United States v. Lebman, 464 F.2d 68, 74-75 (5th Cir. 1972) (Judge Clark, concurring); United States v. Leiner, 143 F.2d 298 (2d Cir. 1944); see also Stoianoff v. State, 695 F.2d 1214 (9th Cir. 1983), and the cases cited therein at 1222.
 
 
 8
 The other issues raised on appeal are, we believe, adequately addressed and properly resolved by the Magistrate's Report and Recommendation and the Memorandum and Order of Judge Aldrich, which adopted it. In his brief on appeal, counsel for defendant makes serious challenges to the accuracy of the state court record in respect to the reasons given by the state court for the several adjournments and continuances which were had in the state court proceedings, proceedings which petitioner claims denied him his right to a speedy trial. Specifically, counsel for petitioner challenges the accuracy of the factual statements made in the several orders entered by the state court, unc pro tunc, but as far as the record shows, the objections that were made in the state court and in the district court went not to the inaccuracy of the orders, which before us essentially charge bad faith and fraud on the part of the state court, but rather on the right of the state court to enter such orders nunc pro tunc in the first place. Appellant's counsel asserts that he has the right to an evidentiary hearing to prove the inaccuracy of the state record which, for us, is presumed to be correct. See 28 U.S.C. Sec. 2254(d); Sumner v. Mata, 449 U.S. 539 (1981). We are not shown, however, where such an issue was in the first instance presented to the state court, at least in the form of a challenge to the integrity and truthfulness of the state judge, and under such circumstances we do not conceive that it was incumbent upon the trial judge in the habeas court to have accorded an evidentiary hearing on the basis of the allegations made before it. Absent such a showing and absent such an obligation, we agree with United States District Judge Ann Aldrich that there has been an insufficient showing of prejudice to constitute a denial of the petitioner's right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution.
 
 
 9
 Petitioner also challenges the closing argument of the prosecutor, which he argues deprived him of his right to a fair trial. Although we agree that there is language in this closing argument that was plainly improper, it appears to have been relatively isolated when considered in the light of the extensive argument which was otherwise made, and for that reason we agree that it did not rise to the level of a due process violation.
 
 
 10
 Accordingly, the judgment of the district court is AFFIRMED.